UNITED STATES *v.* INNIS, SPEIDEN & CO. (No. 1638).[1]

1. CONSTRUCTION OF PARAGRAPH 144, TARIFF ACT OF 1913—STATUTES CONSTRUED AS WRITTEN WHEN POSSIBLE.

The words "antimony oxide, salts and compounds of" in paragraph 144, tariff act of 1913, are plain and unambiguous. It is not apparent that they are either inoperative or in conflict with other provisions indicating a congressional intent at variance with the chosen phrase, and it can not be said that Congress intended a comma after "antimony."

2. ANTIMONY SULPHIDE, HOW DUTIABLE.

Antimony sulphide is not a salt or compound of antimony oxide, and can not be dutiable under paragraph 144, tariff act of 1913; not being more specifically pro-

---

[1] Reported in T. D. 36254 (30 Treas. Dec., 456).

vided for elsewhere, it is relegated to the residuary provision for chemical salts and, compounds in paragraph 5.

## United States Court of Customs Appeals, March 9, 1916.

APPEAL from Board of United States General Appraisers, Abstract 38660.

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument Feb. 10, 1916, by Mr. Hanson and Mr. Brown.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

The merchandise in this case consists of sulphide of antimony, which substance is in fact a salt or compound of antimony, but not a salt or compound of antimony oxide. It was assessed for duty at 25 per cent ad valorem under the last clause of paragraph 144, tariff act of October 3, 1913, which paragraph reads as follows:

144. Antimony, as regulus or metal, and matte containing antimony but not containing more than ten per centum of lead, ten per centum ad valorem; antimony oxide, salts, and compounds of, twenty-five per centum ad valorem.

The Board of General Appraisers held that the merchandise was not covered by the language of the provision cited, and that it was therefore relegated for classification to the residuary provision for chemical salts and compounds in paragraph 5 of the tariff act. The Government appealed.

The contention on behalf of the Government is that the last clause of the paragraph should be read as though the comma preceded the word "oxide," and reliance is placed upon the rule that the grammatical construction of a sentence will at times give way to obvious intent. But we apprehend that before this rule can be invoked it must be apparent that the language as written is either inoperative or in conflict with other provisions, indicating a congressional intent at variance with the terms of the chosen phrase. Neither condition is here present. The Government admits that there are such things in existence as salts and compounds of antimony oxide, and attention is not directed to any other enacted provision which detracts from the force of the language employed. This language is plain and unambiguous. Salts and compounds are provided for. When we ask what salts and compounds, we find these terms are restricted by the word "of," which obviously refers back to antimony oxide. The clause has the identical meaning which it would bear if it had read "salts and compounds of antimony oxide."

The language of the statute being plain and unambiguous, we are not warranted in disregarding its terms or in entering the field of

speculation with a view to ascertaining an unexpressed intent or in ascribing to the language employed a meaning other than that which the plain terms import. Breck & Son *v.* United States (2 Ct. Cust. Appls., 26; T. D. 31576); Maltus & Ware *v.* United States (6 Ct. Cust. Appls., 525; T. D. 36146).

*Affirmed.*